UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN RILEY, | : | **CIVIL NO. 3:09-CV-0230** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Smyser) |
| JEFFREY A. BEARD, *et al.*, | : | |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

On February 4, 2009, the plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a complaint.

The defendants named in the complaint are: 1) Jeffrey A. Beard, the Secretary of the Pennsylvania Department of Corrections (DOC); 2) John Palakovich, the Superintendent at the State Correctional Institution at Smithfield (SCI-Smithfield); 3) Correctional Officer Harker at SCI-Smithfield; 4) Correctional Officer Ligenfelter at SCI-Smithfield; 5) Correctional Officer Greenfield at SCI-Smithfield; 6) David

Bowen, the Chaplaincy Program Director at SCI-Smithfield; 7) Sharon M. Burks, the former Chief Grievance Officer for the Secretary's Office of Inmate Grievances and Appeals of the DOC; 8) Imam Abubakar Muhammed, the Acting Facility Classification Program Director at the State Correctional Institution at Greene (SCI-Greene); 9) Mark Capozza, the Deputy Superintendent for Centralized Services at SCI-Greene; 10) Louis S. Folino, the Superintendent at SCI-Greene; 11) Cindy G. Watson, the former Chief Grievance Officer for the Secretary's Office of Inmate Grievances and Appeals, 12) Michael G. Smith, a corrections activity manager at SCI-Greene; 13) Dan Davis, the Facility Grievance Coordinator/Assistant to the Superintendent at SCI-Greene; 14) Jeff Rogers, a corrections program manager at SCI-Greene; 15) Dorina Varner, the Chief Grievance Officer for the Secretary's Office of Inmate Grievances and Appeals; and 16) Rev. Aleda Menchyk, the Facility Classification Program Director at SCI-Greene.

The plaintiff claims in the complaint that while he was incarcerated in the Restricted Housing Unit at SCI-Smithfield he was subject to 24-hour lighting in his cell in violation of the

Eighth Amendment, the Due Process Clause and the Equal Protection Clause of the United States Constitution. He also claims that, while he was incarcerated at SCI-Smithfield, the dates that he used to break his fast during Ramadan were confiscated and that he was denied meals for the feasts of Eid Ul Fitr and Eid Ul Adha because he did not have sufficient funds, all in violation of the Due Process and Free Exercise Clauses of the United States Constitution and in violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1 - § 2000cc-5. He also claims that he was transferred from SCI-Smithfield to SCI-Greene in retaliation for having used grievance procedures and for having filed a civil action in violation of the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The plaintiff claims that while incarcerated at SCI-Greene he was again denied meals for the feasts of Eid Ul Fitr and Eid Ul Adha because he did not have sufficient funds in violation of the Free Exercise Clause of the United States Constitution and RLUIPA. He also claims that he was denied due process and equal protection in connection with an appeal of the denial of one of the feasts for Eid Ul Adha. The

plaintiff is seeking declaratory and injunctive relief as well as compensatory and punitive damages.

An answer (Doc. 31) to the complaint was filed by the defendants on August 7, 2009. The discovery deadline was February 26, 2010. *See* Doc. 35. On April 15, 2010, the plaintiff filed a motion (Doc. 46) for leave of court to file an amended complaint and a supporting brief (Doc. 47). An opposing brief (Doc. 50) was filed on April 26, 2010. A reply brief (Doc. 55) was filed on May 20, 2010. By Order of this date, that motion was denied.

On April 26, 2010, the defendants filed a motion (Doc. 48) for summary judgment, a LR 56.1 statement and a brief (Doc. 47) in support. The plaintiff has not file a brief in opposition to this motion or a LR 56.1 statement.

The plaintiff on June 10, 2010 filed a motion (Doc. 59) for judgment on the pleadings and a brief (Doc. 60) in support. A brief (Doc. 61) in opposition was filed on June 15, 2010.

4

The plaintiff filed a motion (Doc. 57) on June 4, 2010 requesting a stay of the defendants' motion for summary judgment. The defendants filed a brief (Doc. 58) in opposition to that motion on June 7, 2010. By Order of this date, that motion has been denied.

This report and recommendation addresses the defendants' motion for summary judgment and the plaintiff's motion for judgment on the pleadings.

Initially, we address the plaintiff's motion for judgment on the pleadings. Pursuant to Fed.R.Civ.P. 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." In deciding a motion for judgment on the pleadings, the court must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir. 2005). A motion for judgment on the pleadings "should not be granted 'unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to

5

judgment in its favor as a matter of law.'" *Mele v. Federal Reserve Bank of New York,* 359 F.3d 251, 253 (3d Cir. 2004)(quoting *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002)).

The plaintiff fails to demonstrate that there is a basis in the facts and under law to grant judgment on the pleadings in favor of the plaintiff. The answer (Doc. 31) denies numerous factual allegations in the complaint and places them in to dispute.

We turn to the defendants' motion for summary judgment. Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, though the non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*,

6

271 F.3d 560, 564 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 580 (3d Cir. 2003). In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). "Our function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

Local Rule 56.1, Rules of Court, M.D. Pa., provides:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

7

> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.
> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

The material facts stated by the defendants pursuant to LR 56.1 in the papers filed with their motion for summary judgment are:

> 1. Plaintiff is serving a life sentence for conviction of murder.
>
> 2. In 2006-07, plaintiff was incarcerated at SCI-Smithfield.
>
> 3. On May 15, 2007, plaintiff was transferred from SCI-Smithfield to SCI-Greene.
>
> 4. This transfer was done for security/separation purposes because plaintiff had problems with an inmate at SCI-Smithfield with whom he had engaged in a fight in the prison's main yard and had had several previous assault incidents.

8

5. In 2006, while incarcerated in the Restricted Housing Unit ("RHU") at SCI-Smithfield, some dates were confiscated from plaintiff's cell by security staff because it was thought that he should not be permitted to have them at the time.

6. Plaintiff grieved the confiscation in accordance with the Inmate Grievance System and. while the institutional response to his grievance denied the grievance, the Secretary's Office of Inmate Grievances and Appeals overturned the institutional response and informed plaintiff his dates were confiscated in error.

7. While incarcerated in the RHU at SCI-Smithfield, plaintiff's cell was required by Department of Corrections policy to have a nine (9) watt security light on at all times.

8. The reason for this policy is so that security staff may be able to see the inmates in their cells at night.

9. While incarcerated at both SCI-Smithfield and SCI-Greene, plaintiff has desired to participate in certain celebratory feasts sponsored by the inmate Muslim community known as Eid al-Fitr and Eid al-Adha.

10. Pursuant to Department of Corrections policy on such meals, all menu items must be approved by the Food Service Manager of the facility and are purchased by the facility. Preparation of food items is the responsibility of the Food Service Manager and his/her staff.

11. In addition, the policy provides that if the food items are those on the scheduled institution menu, inmates do not have to pay for their food to celebrate the feast; however, if the event includes food items beyond those provided on the

9

>     normal menu, the inmate participant is required
>     to assume the cost therefor.
>
>     12. An inmate who desires to participate in a
>     feast that will have menu items not from the
>     regular institutional menu is required to submit
>     a DC-138A,Cash Slip, two months prior to the
>     event to ensure that he/she has the necessary
>     funds in his/her inmate account to pay for the
>     menu items.
>
>     13. In the case of feasts such as Eid al-Fitr and
>     Eid al-Adha, the Islamic chaplain at the
>     institution will determine which Muslim inmates
>     are observant and have sufficient funds on
>     account to participate in the feast. The cost for
>     inmates' participating in the feast is to be
>     divided equally among the participants so that
>     each participating inmate pays the same fee.

(Doc. 48-3, pp. 1-3).

The defendants assert a justification based in prison security concerns to keep low wattage light around the clock in a prisoner's cell. The plaintiff is a Restricted Housing Unit prisoner, and the Department of Corrections as a matter of Department policy requires low level lighting in security block prisoners' cells. The plaintiff's claim based upon his aversion to the lighting was tried by this court in M.D. Pa. Civil No. 3:07-CV-1916, where this court held that there is not an Eighth Amendment violation. Memorandum of July 30, 2010. (Doc. 232).

10

The plaintiff's next claim is that his constitutional and statutory rights of religious freedom under the First Amendment and RLUIPA have been violated because certain celebratory religious holiday feasts involve food items that the defendants do not provide to him and that he can not afford to obtain for himself. The defendant assert that since they afford three meals a day to the plaintiff and all other prisoners, they do not violate the rights of the plaintiff by not providing him with additional particular food items that he needs to celebrate his religious holidays.

The declaration of Ulrich Klemm (Doc. 48-6) describes the Department of Correction policy. In our opinion, there is not a violation of the plaintiff's First Amendment or statutory religious free exercise rights. It is not undisputed that the food items are not a mandatory component in the prisoner's participation in the religious holiday. It is a reasonable inference that no substantial burden upon the prisoner's religious faith or religious practices is imposed, and there is not a basis in the summary judgment record for another inference.

Retaliation for the exercise of First Amendment rights is a constitutional violation. *Mount Healthy City Board of Education v. Doyle*, 429 U.S. 274 (1977); *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990)("Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983.").

"As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." *Rauser v. Horn*, 241 F.3d 330, 333 (3rd Cir. 2001). Next, a prisoner-plaintiff must show that he suffered some "adverse action" at the hand of prison officials. *Id.* "[A] prisoner-plaintiff satisfies this requirement by demonstrating that the action 'was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'" *Id.* (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)).

"Once these two threshold criteria are met, there remains the question of how a prisoner-plaintiff must go about proving a causal link between the exercise of his constitutional rights and

12

the adverse action taken against him." *Id.* "In a First Amendment retaliation case, the plaintiff has the initial burden of showing that his constitutionally protected conduct was a "substantial" or "motivating factor" in the relevant decision." *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000); *Rauser, supra*, 241 F.3d at 333-34. "Once the plaintiff carries this burden, the burden shifts to the defendant to show 'by a preponderance of the evidence that [he or she] would have reached the same decision even in the absence of the protected conduct.'" *Suppan, supra,* 203 F.3d at 235 (quoting *Mount Healthy, supra*, 429 U.S. at 287); *Rauser, supra*, 241 F.3d at 333-34. Prison officials may prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. *Rauser, supra*, 241 F.3d at 334.

"A prisoner has a First Amendment right to file grievances against prison officials." *Scott v. Churchill*, No. 97-2061, 2000 WL 519148 at * 2 (6th Cir. Apr. 6, 2000); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(holding that the filing of disciplinary charges against a prisoner is actionable under 42

13

U.S.C. § 1983 if done in retaliation for prisoner filing a grievance pursuant to established procedures).

The defendants argue for summary judgment in their favor on the plaintiff's claim that he was transferred from SCI-Smithfield to SCI-Greene in retaliation for filing grievances. The defendants' unopposed motion for summary judgment establishes, and it is not genuinely in dispute, that the plaintiff was transferred for security reasons. The declaration of Steven Burk, which is not refuted, states that the plaintiff and another prisoner were involved in a fight, with weapons, in the main yard. They refused to obey orders to desist. They had to be physically separated. The plaintiff had been involved in prior assaults on other prisoners. This was the basis for the transfer decision. There is not a basis in the summary judgment record for a reasonable inference that the transfer was done in retaliation.

The defendants have confessed error in the one time confiscation of dates from the plaintiff's cell. They acknowledge that it was in violation of the plaintiff's First

14

Amendment rights. They assert that a one time confiscation was *de minimus* and that they should be granted summary judgment.

There is no showing of compensation to the plaintiff for the wrongful confiscation.

Considering the steps that an inmate must take to arrange and pay for food items for religious holidays, already addressed herein and addressed in detail in the Declaration of Ulrich Klemm, even a one time confiscation of food items such as dates is not *de minimus* from the prospective of the prisoner. But the prisoner plaintiff here has filed neither a brief nor a declaration in opposition to the defendants' motion for summary judgment.

It is recommended for the reasons stated herein that the plaintiff's motion (Doc. 60) for judgment on the pleadings be

denied, that the defendants' motion for summary judgment be granted and that the case be closed.

                                                ***/s/ J. Andrew Smyser***
                                                J. Andrew Smyser
                                                Magistrate Judge

Dated: August 13, 2010.