# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN RILEY,

    Plaintiff,

v.

JEFFREY A. BEARD, et al.,

    Defendants.

CIVIL ACTION NO. 3:09-CV-230

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is the report and recommendation of Magistrate Judge J. Andrew Smyser (Doc. 66.) The report recommends that the plaintiff's motion for judgment on the pleadings (Doc. 59) be denied and that the defendants' motion for summary judgment (Doc. 48) be granted. For the reasons explained below, the report will be adopted in part and rejected in part.

## I. Background

Nathan Riley is an inmate at the State Correctional Institution at Greene, Pennsylvania (SCI-Greene). He filed a complaint against various prison officials pursuant to 42 U.S.C. § 1983. He brings claims for alleged violations of his rights under the Eighth Amendment, violations of his rights to due process and equal protection under the Fourteenth Amendment, his First Amendment rights to freely exercise his religion, and rights under the Religious Land Use and Institutionalized Persons Act of 2000. The defendants moved for summary judgment. Mr. Riley did not respond to the motion or offer evidence supporting his claims. Mr. Riley moved for judgment on the pleadings.

1

The magistrate judge filed a report recommending that the plaintiff's motion for judgment on the pleadings be denied and that the defendants' motion for summary judgment be granted. Mr. Riley filed objections to the report and recommendation. The objections have been fully briefed and are ripe for review.

**II. Discussion**

**A. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

Here, the court reviews the portions of the report and recommendation which Banks objects to de novo. The remainder of the report and recommendation is reviewed for clear

error.

**B. Legal Standard for Summary Judgment**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable

3

to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**C. Defendants Did Not Violate Plaintiff's Eighth Amendment Rights**

Mr. Riley objects to the recommendation that summary judgment be granted on the Eighth Amendment claims because he has not had the opportunity to conduct discovery and his discovery requests were denied. These arguments, however, were not raised before the magistrate judge and will not be considered now.

The plaintiff failed to present evidence supporting a finding that the defendants denied him medical care or "acted 'with deliberate indifference to his . . . serious medical needs.'" (*Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). No jury could find that the low-level light in Riley's cell or his symptoms were serious medical needs that the defendants were deliberately indifferent to. The magistrate judge correctly recommended granting summary judgment.

**D. The Retaliation Claim Cannot Stand**

Riley objects to the portion of the report recommending that summary judgment be

4

granted on Riley's retaliation claim. He alleges he was transferred to SCI-Greene several months after filing a grievance and civil action. To establish a constitutional retaliation claim, a plaintiff must show that "(1) he engaged in constitutionally protected conduct; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action." *Brightwell v. Lehman*, __ F.3d __, 2011 WL 635274 (3d Cir. 2011) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Riley has provided no reasons to support a conclusion that he was transferred to SCI-Greene for retaliatory reasons. In contrast, the defendants provide evidence that he was transferred for security reasons due to problems Riley had with another inmate. Riley failed to controvert this evidence. Thus, his objections are overruled.

**E. Confiscation of Dates**

Riley objects to the portion of the report recommending that summary judgment be granted in defendants' favor on the RLUIPA and First Amendment claims. Riley alleges that he kept dates in his cell, in accordance with prison regulations, for the purpose of breaking a religious fast. He claims that their confiscation by a guard violated RLUIPA and his free exercise rights. A restriction on an inmate's right to free exercise will be upheld "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Courts consider four factors when evaluating whether a regulation is reasonably related to legitimate penological interests: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;" (2) "whether there are

5

alternative means of exercising the right that remain open to prison inmates;" (3) "the impact accommodation . . . will have on guards and other inmates, and on the allocation fo prison resources generally;" and (4) whether there are "ready alternatives that could fully accommodate[ ] the prisoner's rights at de minimis cost to valid penological interests." *Turner*, 482 U.S. at 89–91.

It appears that taking the dates did not conform to prison policy and that the defendants acknowledge that it violated Riley's free exercise rights. The magistrate judge determined that taking the dates may have violated Riley's First Amendment rights. Nevertheless, the magistrate judge concluded that because Riley did not oppose the motion for summary judgment or file a declaration, summary judgment should be granted in favor of the defendants.

The court, however, may not grant a motion for summary judgment simply because the nonmovant fails to oppose it. Instead, the moving party must be *entitled* to judgment as a matter of law on the merits of the case. *See* Fed. R. Civ. P. 56. Here, the magistrate judge concluded that the defendants' conduct violated the plaintiff's rights. They do not object to this conclusion, and it is not plainly erroneous. Thus, summary judgment on the RLUIPA and First Amendment claim relating to the dates will be denied.

**F. Religious Feasts**

Riley objects to the portion of the report recommending that summary judgment be granted in defendants' favor on the plaintiff's First Amendment and RLUIPA claims relating to religious feasts that Riley alleges he was barred from. Riley was barred from consuming special foods available for purchase for Muslim religious feasts because he did not have

6

money to pay for them. The declaration of Ulrich Klemm states that inmates who cannot pay are allowed to celebrate the feast with the regular prison menu; they are simply not allowed to gather and eat special foods with those who can pay. There are no religious prayers or rituals at the special feast. Riley fails to create a genuine fact issue as to whether the absence of special foods substantially burdened the exercise of his faith under RLUIPA or was not reasonably related to a legitimate penological interest. Thus, summary judgment was appropriate.

## G. **Motion for Judgment on the Pleadings**

The plaintiff argues that the magistrate judge misconstrued his request for judgment on the motion for leave of court to file an amended complaint and stay summary judgment as a request for judgment on the pleadings. It is true that the motion requested leave to file an amended complaint and requested judgment on the pleadings, despite its misleading title as a "Motion for Judgment on the Pleadings." (*See* Doc. 59.) In the supporting brief, the request to amend was based on the fact that the plaintiff "left out important facts and exhibits, which at the time, were not in Plaintiff's possession." (Doc. 60 at 2.)

Denying leave is appropriate. The plaintiff was free to present these "facts" and "exhibits" in response to the motion for summary judgment, and he failed to do so.

### III. Conclusion

For the reasons explained above, the magistrate judge's report and recommendation will be adopted to the extent that it denies the plaintiff's motion (Doc. 66) and grants the defendants' motion for summary judgment (Doc. 48) on all claims other than the RLUIPA and First Amendment claims relating to the confiscation of Riley's dates. The

recommendation that the motion for summary judgment (Doc. 48) be granted in favor of defendants on the RLUIPA and First Amendment Claim as to the confiscation of the dates will be rejected.

An appropriate order follows.


March 14, 2011                              /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

NATHAN RILEY,

    Plaintiff,

        v.

JEFFREY A. BEARD, et al.,

    Defendants.

NO. 3:09-CV-230

(JUDGE CAPUTO)

**ORDER**

**NOW**, this 14th day of March, 2011, **IT IS HEREBY ORDERED** that the report and recommendation (Doc. 66) will be **REJECTED** in part and **ADOPTED** in part as follows:

(1) The recommendation that the motion for summary judgment (Doc. 48) be granted in favor of defendants on the RLUIPA and First Amendment Claim as to the confiscation of the dates is **REJECTED**.

(2) The recommendation that the motion seeking summary judgment (Doc. 48) in favor of defendants be granted on the remaining claims is **ADOPTED.**

(3) The recommendation that the plaintiff's motion seeking leave to amend and stay summary judgment, styled as a motion for judgment on the pleadings (Doc. 59), be denied is **ADOPTED**.

                          /s/ A. Richard Caputo
                          A. Richard Caputo
                          United States District Judge