# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN RILEY,

    Plaintiff,

v.

JEFFREY A. BEARD, et al.,

    Defendants.

CIVIL ACTION NO. 3:09-CV-230

(JUDGE CAPUTO)

## **MEMORANDUM**

On March 14, 2011, the Court issued an order (Doc. 78) rejecting in part the magistrate judge's recommendation that summary judgment be granted in the defendants' favor on all claims brought by a pro se plaintiff against prison officials. The Court rejected the recommendation to the extent it granted summary judgment to the defendants on claims arising from the confiscation of the plaintiff's dates, and the Court denied summary judgment on these claims. The defendants contend that the Court erred in doing so, and presently move for reconsideration (Doc. 80). Because the defendants failed to show they were entitled to summary judgment on these claims, the Court did not err in rejecting the magistrate judge's recommendation and denying the motion. Thus, the Court will not reconsider its prior ruling.

### **I. Background**

Nathan Riley, a *pro se* prisoner, filed a civil rights action against prison officials in February of 2009, bringing constitutional claims pursuant to 42 U.S.C. § 1983 as well as the Religious Land Use and Institutionalized Persons Act of 2000. These claims arose out of

several seemingly unrelated incidents; including being allegedly barred from religious feasts, being allegedly transferred to a different facility in retaliation for filing a grievance, being subjected to night lighting in his cell, and having dates confiscated from his cell.

Presently relevant are the claims arising from the plaintiff having dates confiscated from his cell. In his verified compliant, the plaintiff avers that, beginning before his incarceration, he has practiced his faith as an orthodox Sunni Muslim and has done so for fifteen years. During the month of Ramadan, his faith requires that he fast between dawn and sunset, and it is a central practice of his faith that he break the fast with dates each day at sunset. He avers that on October 7, 2006, during Ramadan, a corrections officer searched his cell and confiscated his approved bag of dates after the plaintiff explained that Muslim inmates were permitted to keep dates to break the fast. Additionally, a lieutenant came over and, after hearing the plaintiff's explanation that he was authorized to possess the dates in his cell, ordered the officer to throw the dates away. The lieutenant then issued a verbal policy instructing the officers to confiscate dates. As a result of this policy, the plaintiff alleges that his dates were taken every time he left his cell and that he was unable to break the fast with dates for twenty-eight of the thirty days of Ramadan.

The defendants moved for summary judgment on all claims. The motion was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended granting summary judgment on all claims, including the claims stemming from the confiscation of dates.

The Court adopted the report recommending the grant of summary judgment in the defendants' favor on all claims, with one exception. As to the magistrate judge's recommendation that summary judgment be granted in the defendants' favor on the claims

relating to the alleged confiscation of dates, the Court rejected it and denied summary judgment. The defendants have moved for reconsideration of this decision.

## II. Discussion

**A. Legal Standard for a Motion for Reconsideration**

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). A motion for reconsideration is not a procedural device enabling relitigation of issues already decided. Its purpose is to correct manifest errors of law or fact or present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence,* 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**B. The Court Did Not Commit Procedural Error Requiring Reconsideration**

The plaintiff did not file his opposition to the defendants' summary judgment motion, although he did object to the magistrate judge's report and recommendation. Despite the

plaintiff's lack of response to the defendants' motion, the Court rejected the magistrate judge's recommendation that summary judgment be granted in the defendants' favor on the claims arising from the date confiscation and denied the motion. The defendants raise three procedural objections: (1) the Court should have deemed the plaintiff to have waived his right to object to the report and recommendation; (2) the Court should not have given weight to the fact that the defendants did not object to the report and recommendation; and (3) the Court should not have denied the motion for summary judgment where the plaintiff failed to oppose it.

### (1) The Court did not Err in Failing to Deem the Plaintiff to Waive Objections

The defendants first contend that because the plaintiff did not oppose the motion for summary judgment, he should have been deemed to waive his objections. Regardless of whether the plaintiff waived his right to object, the Court is free under 28 U.S.C. § 636(b)(1) "to accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Even in the absence of objections, the Court would have rejected the magistrate judge's recommendation granting summary judgment relating to the date confiscation, and thus there is no clear error of law requiring reconsideration.

### (2) The Court Did Not Err By Accepting the Magistrate Judge's Conclusion that the Defendants May Have Violated the Plaintiff's Rights

The magistrate judge had concluded that the defendants violated the plaintiff's First Amendment rights, but recommended granting the motion for summary judgment on the grounds that the plaintiff did not file a brief opposing the motion. (Doc. 66 at 15.) The Court disagreed that summary judgment may be granted on the basis of failing to oppose the summary judgment motion. The Court reasoned that "the magistrate judge concluded that

the defendants' conduct violated the plaintiff's rights. [The defendants] do not object to this conclusion, and it is not plainly erroneous." The defendants argue that because they were not aggrieved by the recommendations, they had no duty to object to the magistrate judge's conclusion and the Court erred in accepting the magistrate judge's determination.

Regardless, because the Court has determined that the defendants have not shown they were entitled to summary judgment on the claims arising from the date confiscation, the Court did not clearly err in denying summary judgment, and reconsideration on this ground is unnecessary.

**(3) The Court Did Not Err in Denying Summary Judgment Where the Plaintiff Failed to Oppose the Defendants' Motion**

Finally, the defendants argue that the Court erred in denying the motion because the plaintiff failed to oppose the motion. Local Rule 7.6 provides that a party's failure to file a brief in opposition to an opponent's motion results in that party being deemed not to oppose the motion. Invoking this rule, the defendants argue that the Court should have granted summary judgment in their favor as a consequence of plaintiff's failure to file a brief in opposition.

However, the local rule must be read in light of Federal Rule 56, which requires that a movant be "entitled" to summary judgment. The Third Circuit has held that failure to oppose a motion for summary judgment is not, in itself, reason to grant the motion. *See Anchorage Assoc. v. Virgin Island Bd. of Tax Review*, 922 F.2d 168 (3d Cir. 1990). Rather, when the moving party does not have the burden of proof, it is "entitled" to judgment in its favor when "the deficiencies in the opponent's evidence designated in or in connection with the motion" are such that as a matter of law, judgment must be entered in its favor.

5

Here, the movants failed to show an absence of evidence warranting summary judgment in their favor, and thus reconsideration is not warranted.

**C. First Amendment Claim**

Under the First Amendment's Free Exercise Clause, as applied to the states through the Due Process Clause of the Fourteenth Amendment, inmates have the right to freely exercise their religion unless that exercise in inconsistent with legitimate penological objectives. *DeHart v. Horn*, 227 F.3d 47, 50 (3d Cir. 2000) (citations omitted). To establish that a prison official's denial or restriction violates the Free Exercise Clause, an inmate must first show that the restriction "contravenes [his] sincere religious beliefs." *Africa v. Pennsylvania*, 662 F.2d 1025, 1030 (3d Cir. 1981). Even so, reasonable restrictions on free exercise will be upheld when the restriction is rationally related to legitimate penological interests. *See id.* at 51 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

In evaluating whether a restriction is rationally related to legitimate penological interests, courts apply the four factor test set out by the Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987). At this stage, the defendants must make a showing:

> While the ultimate burden of persuasion with regard to the reasonableness of a regulation resides with those challenging it, *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003), the defendant administrators must "put forward" the legitimate governmental interest alleged to justify the regulation, *Turner*, 482 U.S. at 89, and "'demonstrate' that the policy drafters 'could rationally have seen a connection' between the policy and [that interest]." *Wolf v. Ashcroft*, 297 F.3d 305, 308 (3d Cir. 2002). "[T]his burden, though slight, must 'amount [ ] to more than a conclusory assertion.'" *Id.* (citation omitted).

*Jones* v. Brown, 461 F.3d 353, 360-61 (3d Cir. 2006).

On summary judgment the movant bears the burden of showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

6

of law." Fed. R. Civ. P. 56(a). Where the nonmoving party has the burden of proof, the moving party may simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Here, the defendants have failed to show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. While in their briefing, the defendants characterize the confiscation of dates as a one-time error, *see* Doc. 49 at 14, they do not introduce any competent evidence to suggest that the confiscation happened only one time.[1] The plaintiff contends, in his verified complaint,[2] that his dates were confiscated multiple times and that he was prevented from breaking his fast with dates for twenty-eight out of thirty days. (*See* Complaint, Doc. 1 at ¶ 6.) While the defendants' declaration discusses one such instance, it fails to establish that this was the *only* instance, and to the extent that they claim only one such instance exists, there are issues of fact.

Moreover, the defendants do not squarely address the plaintiff's First Amendment claim in their argument. For example, they do not claim that his dates were confiscated in

---

[1] Only paragraphs 5 and 6 of the defendants' statement of material facts touches on the date confiscation. Both paragraphs cite to the declaration of Lisa Hollibaugh, the Assistant to the Superintendent of the facility. (See Doc. 48, Ex. 3.) In Hollibaugh's declaration, she simply notes that there was a grievance filed (attached as an exhibit) relating to the confiscation of dates on October 7, 2006. Nowhere does the declaration note that this was the sole grievance filed in connection with date confiscation. Thus, even though this statement of fact is deemed admitted by the plaintiff in accordance with Local Rule 56.1, it fails to show that there was a one-time error instead of multiple confiscations as the plaintiff contends.

[2] A verified complaint may be considered an affidavit. *See* 10B Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2738; *Reese v.* Sparks, 760 F.2d 64, 67 n.3 (3d Cir. 1985) (holding that when treating a pro se prisoner's verified amended complaint as an affidavit in opposition to the motion for summary judgment, as the district court treated it, a genuine issue of material fact was created precluding summary judgment); Ratner *v. Young*, 465 F. Supp. 386, 389 n.5 (D.V.I. 1979) ("While Rule 56 says that the pleadings in the case may be considered in a summary judgment proceeding, the extent to which they may be so considered is dependent upon whether they are verified. A party's sworn pleading is the equivalent of an affidavit in such a proceeding.") On summary judgment, a court may, but need not, consider any materials in the record. Fed. R. Civ. P. 56(c)(3).

accordance with a neutral prison policy rationally related to legitimate penological objectives. They do not argue that the plaintiff's practice of breaking the fast with dates does not stem from a sincerely held religious belief. They do not show the court that the plaintiff's claim fials for lack of evidence on these elements. Fatally, they do not proffer any legitimate interest that denying the plaintiff his dates served.[3]

Instead, their argument misconstrues the nature of the plaintiff's claim. Their argument boils down to this: a claim based on so trifling an injury as having dates taken should be considered inactionable.[4] They argue that summary judgment should be based on the principle of *de minimus non curat lex*.[5] While this argument has some rhetorical thrust, taken to its logical conclusion it makes no sense in the First Amendment free exercise

---

[3] Of course, the defendants contend that the denial happened only once and was the result of an error; the plaintiff submits that there were multiple confiscations resulting from a policy. Thus, there are material issues of fact to be tried.

[4] Indeed, if one long string of citations to cases is omitted, the defendants' entire argument on the plaintiff's claims relating to the dates is about 200 words. It is reproduced below:

Plaintiff claims that security staff confiscated dates from his RHU cell in 2006 and this violated his First Amendment rights. (Cplt., ¶¶ 5-7). Plaintiff grieved this confiscation to final grievance review and his grievance was upheld. The Department's Chief Grievance Officer acknowledged staff's error and advised plaintiff that staff would be instructed on how not to commit the error again. Plaintiff remains dissatisfied, however, presumably because his request for damages was not upheld by the Chief Grievance Officer. Under these circumstances, the erroneous one-time confiscation of dates from plaintiff's cell was *de minimis* and for this reason defendants' motion for summary judgment should be granted. *Celotex Corp. v. Catrett, supra.*

Plaintiff's claim does not demonstrate any harm from the one-time confiscation of his dates. He may have been annoyed that they were taken and he was "deprived" of their enjoyment, but this is an insufficient basis upon which to base a federal claim. Indeed, in various contexts, the courts have recognized that allegations of *de minimis* harm should not be recognized as actionable. [citations omitted] The one-time error was corrected by the plaintiff's grievance and the "value" of his dates amounts to *de minimis* harm, if harm at all.

Accordingly, defendants' motion for summary judgment should be granted on the dates issue. *Celotex Corp. v. Catrett, supra.*

[5] "The law does not concern itself with trifles."

8

context.

In other words, a requirement that harm be *objectively* significant makes little sense in the First Amendment context, when the government action infringes on religious practices resulting from sincerely held beliefs.  *See Lee v. Weisman*, 505 U.S. 577, 594 (1992) ("but the embarrassment and the intrusion of the religious exercise cannot be refuted by arguing that . . . [it is] of a *de minimis* character."); *Employment Division v. Smith*, 494 U.S. 872, 886-87 (1990) ("Repeatedly and in many different contexts, we have warned that courts must not presume to determine the place of a particular belief in a religion or the plausibility of a religious claim.") (plurality opinion); *United States v. Seeger*, 380 U.S. 163, 184-85 (1965) ("Religious experiences which are as real as life to some may be incomprehensible to others . . . [A court's] task is to decide whether the beliefs professed by [an individual] are sincerely held and whether they are, in his own scheme of things, religious."); *Sch. Dist. of Abington Twp., PA v. Schempp*, 374 U.S. 203, 240–41 (1963) (Brennan, J., concurring) ("Today the Nation is far more heterogenous religiously . . . . [i]n the face of such profound changes, practices which may have been objectionable to no one in the time of Jefferson and Madison may today be highly offensive to many persons, the deeply devout and the nonbelievers alike."); *DeHart v. Horn*, 227 F.3d 47, 56 (3d Cir. 2000) ("It would be inconsistent with a long line of Supreme Court precedent to accord less respect to a sincerely held religious belief solely because it is not held by others."); *Makin v. Colorado Dept. of Correction*, 183 F.3d 1205, 1213 (10th Cir. 1999) ("Should defendants be implicitly inviting use to question the validity or importance of these other aspects of Ramadan as described by [the plaintiff], we heartily reject their invitation."); *Mather v. Village of Mundelein*, 864 F.2d 1291, 1297 (7th Cir.

1989) (Coffey, J., concurring) ("The constitutional values of respect for freedom of religious conscience and of religious tolerance . . . mean that we must demonstrate consideration for others' beliefs and feelings in religious matters even when they are not the same as ours."); *Newdow v. Rio Linda Union Sch. Dist.*, 597 F.3d 1007, 1113-14 (9th Cir. 2010) ("[T]he theory of the '*de minimus* constitutional violation' . . . operates on an ad hoc basis to protect the religious preferences of the majority when those preferences conflict with the constitutional rights of the minority. Of course, the more disenfranchised the religious minority, the more likely it is that such a defense will succeed. But our constitutional protections are of little value if courts refuse to employ them on behalf of members of the most marginalized and detested religious groups . . . .") (Reinhardt, J., dissenting).

There is, however, a requirement that the harm be *subjectively* significant (that is, it meaningfully interferes with the adherent's practice of his faith, even if the "harm" would appear small to a nonbeliever), and *de minimus* intrusions into religious activities may not be actionable. For example, in *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999), the Seventh Circuit held that the unavailability of pork-free meals on three out of 810 occasions constituted only a *de minimis* burden on a prisoner's religious exercise and thus was not a violation of the Free Exercise Clause. There, the Court noted that the evidence did not suggest that the unavailability of a non-pork tray on three isolated occasions was anything other than mere institutional shortage, and noted that the plaintiff had "not alleged a routine or blanket practice of denying him pork-free meals." *Id.* Here, however, the plaintiff *has* alleged a practice of confiscating his dates. Moreover, here, unlike in *Rapier*, the plaintiff has

10

claimed that the confiscations prevented him from engaging in a central practice of his faith.[6] In *Rapier*, the extremely rare denial of a pork-free tray simply meant that the plaintiff skipped a meal, while here, the plaintiff suggests that he was repeatedly stymied from participating in a religious ritual. The plaintiff has averred that breaking the fast with dates is a central practice, and that he was unable to do so as the result of repeated confiscations. These issues of fact preclude summary judgment.

In their brief supporting their motion for reconsideration, the defendants argue that the record lacks evidence supporting the plaintiff's claims except the "bare allegation of his complaint that the confiscation of dates violated his rights." (See Doc. 81 at 12.) As noted above, the Court disagrees that the allegations are "bare." The complaint is verified, and the plaintiff alleges that breaking the fast with dates is a central practice of his faith, which he has adhered to for many years, and he was prevented from doing so by the defendants' actions. This evidence is sufficient to create issues of fact; the plaintiff need not resort to outside expert "proof" aside from his own averments. *See Koger v. Brian*, 523 F.3d 789, 799 (7th Cir. 2008) ("[C]lergy opinion has generally been deemed insufficient to override a prisoner's sincerely held religious belief."); *Ford v. McGinnis*, 352 F.3d 582, 593-94 (2d Cir. 2003) (holding that the role the Eid ul Fitr feast played in a prisoner's practice of Islam was determinative of whether there had been a substantial burden, and not the testimony of Muslim clerics as to the proper celebration of the feast); *Jackson v. Mann*, 196 F.3d 316, 320-21 (2d Cir. 1999) (holding that it was the sincerity of a prisoner's beliefs, and not the decision of Jewish religious authorities, that determined whether the prisoner was an

---

[6] The plaintiff alleges that a central practice of his faith is breaking the fast with dates.

11

adherent of Judaism entitled to a kosher meal).

Even had the record been *devoid* of evidence showing that the plaintiff's sincerely held religious beliefs were impinged on, the Court would still deny the motion for summary judgment on the alternative ground that the motion failed to notify the plaintiff that he should produce evidence on his First Amendment claim.

A motion for summary judgment must give a plaintiff fair notice of the grounds on which it seeks relief, so that the plaintiff may marshal evidence adequate to address the claimed deficiencies in its proof. "[A] party has no obligation to respond to grounds that the moving party does not raise in a summary judgment motion." *Carter v. Beard*, 392 F. App'x 82, 84 (3d Cir. 2010) (holding the district court erred in granting summary judgment on the ground that the plaintiff had received adequate process where the defendants did not raise the issue in their summary judgment motion and thus the plaintiff was not put on notice to develop a factual record) (quoting *Sealey v. Giltner*, 116 F.3d 47, 52 (2d Cir. 1997)); *see also Edwards v. Honeywell, Inc*, 960 F.2d 673, 674 (7th Cir. 1992).[7]

Here, the sole ground on which the defendants moved was their contention that confiscating dates is, as a matter of law, *de minimis* harm and therefore not actionable. Because the defendants neglected to point out to the Court that the plaintiff lacked evidence (for example) showing that his free exercise was impinged, or that the restriction was not reasonably related to a legitimate penological interest, the Court may not grant judgment in their favor based on plaintiff's failure to introduce evidence supporting these elements. Having determined that the *de minimis* grounds raised by motion did not warrant the granting

---

[7] The Court is providing all unpublished opinions cited to in this opinion as an appendix.

of judgment in the defendants' favor, the Court correctly denied the motion. See *Brobst v. Columbus Servs. Int'l*, 761 F.2d 148, 154 (1985) (reversing grant of summary judgment given without notice and on grounds different from those asserted in support of motion), *cert. denied*, 484 U.S. 1043 (1988).

## D. RLUIPA

Additionally, the Court denies the motion for summary judgment because the plaintiff still has, at least,[8] a remaining RLUIPA claim relating to the date confiscation. The defendants did not address the RLUIPA claim relating to the date confiscation, and the Court may not grant summary judgment on claims not raised by motion. *See Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 223 (3d Cir. 2004); *Washington v. Klem*, No. 3:01-cv-2432-JEJ, Docket No. 89, Att. 3 at 4 (unreported opinion of the Third Circuit Court of Appeals dated Jun. 29, 2004) (holding that it was error for the district court to dismiss a prisoner's RLUIPA claim where "the defendants did not address the religious claims in their summary judgment motion [and] [t]hus, [the plaintiff] had no reason to believe [the claim would be disputed]"). For this reason as well, the Court correctly denied summary judgment on the claims implicated by the date confiscation.

### III. Conclusion

Because the Court correctly denied the defendants' motion for summary judgment as to the claims relating to date confiscation, the Court's order rejecting the magistrate judge's report and recommendation to the extent that it recommended granting summary judgment on all claims was not erroneous. Therefore, the defendants' motion requesting

---

[8] The complaint also alleges that Defendant Greenfield violated Riley's due process rights.

reconsideration of that order will be denied.  An appropriate order follows.


July 29, 2011                                              /s/ A. Richard Caputo
Date                                                            A. Richard Caputo
                                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

NATHAN RILEY,

    Plaintiff,

        v.

JEFFREY A. BEARD, et al.,

    Defendants.

NO. 3:09-CV-230

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 29th day of July, 2011, **IT IS HEREBY ORDERED** that the defendants' motion for reconsideration (Doc. 80) is **DENIED**.

                                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge